# L J. KELMAN, Esq.
## ATTORNEYS AT LAW

70 EAST SUNRISE HIGHWAY, SUITE 500
VALLEY STREAM, NY 11581
Tel: (516) 887-0730
Fax: (516) 858 4772

July 30, 2025

Iran Villatoro
116 Jefferson Street
Laureldale PA 19605

Dear Sir:

### Re: Motion to Reopen

As we discussed, the Immigration Court issued an order of deportation in your absence.

I can prepare and file a Motion to Reopen. Total fees for the preparation and filing of this motion are $1950 and are due before filing. Please provide any and all documents that you believe may be helpful to your case.

Processing time is approximately 3 weeks.

Como discutimos, la Corte de Inmigración emitió una orden de deportación en su ausencia.

Puedo preparar y presentar una Moción para reabrir. Los honorarios totales para la preparación y presentación de esta moción son de $1950 y se deben pagar antes de la presentación. Proporcione todos y cada uno de los documentos que crea que pueden ser útiles para su caso.

El tiempo de procesamiento es de aproximadamente 3 semanas.

Yours truly,

**LORNE J. KELMAN**

Lorne J Kelman, Esq.
Attorney for petitioner
70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
(516) 887-0730

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

Delmy Lorena Alarcon Salazar

       -Petitioner

   -against-

Kristi Noem, Secretary for
The Department of Homeland Security
in her official capacity and Joseph B. Edlow,
Director of U.S. Citizenship & Immigration
Services in his official capacity,
divisions of Department of Homeland Security,
and Pamela Jo Bondi, in her official capacity
as the Attorney General of The United States of America

       -Respondents

Case No. 7:25-cv-6358
Alien# A088 976 573

---

## PLAINTIFF'S COMPLAINT FOR INJUNCTIVE AND MANDAMUS RELIEF

Petitioner by her attorney, Lorne J. Kelman, complaining of the Respondents respectfully sets forth and allege:

1. I, Lorne J. Kelman, an attorney admitted to practice before the courts of the State of New York affirms under penalty of perjury the following:

2. I represent the Petitioner who is seeking Special Immigrant Juvenile Status ("SIJS") under the Immigration & Nationality Act ("INA") section 101(a)(27)(J); 8

U.S.C. 1101(a)(27)(J).

3. In 1990, Congress designed the SIJS program as special relief for our most vulnerable individuals - *children*.

## Jurisdiction

4. This Honorable Court has subject matter jurisdiction over this action under 28 U.S.C. sections 1331 and 1361 because this case arises under the Administrative Procedure Act ("APA"), 5 U.S.C. sections 551, 702 et seq. This Honorable Court has jurisdiction to hear these claims under the APA, *Department of Homeland Security v Regents of the University of California,* No. 18-587 (U.S. June 18, 2020); *Perez v Cuccinelli,* 949 F.3d 865 (4th Cir. 2020); *Reyes v Cissna,* 737 Fed. Appx 140 (4th Cir. 2018); *Casa de Md v. United States Dept. of Homeland Sec.*, 924 F.3d 684 (4th Cir. 2019).

## Venue

5. Venue properly lies in this District because a substantial part of the events or omissions giving rise to this action occurred in this District. 28 U.S.C. section 1391(b). Further, Defendants are officers or employees of the United States acting in their official capacity. 28 U.S.C. section 1391(e). Additionally, Plaintiff resides in Portchester, in Westchester County, New York.

## Parties

6. Plaintiff, Delmy Lorena Alarcon Salazar ("Delmy"), resides in Portchester, Westchester County, New York.

7. Defendant, Alejandro Mayorkas, is the Secretary of the United States Department of Homeland Security ("DHS") with offices at 2707 Martin Luther King Jr. Ave SE, Washington D.C. 20528.

8. Defendant, Ur M. Jaddou, is the Director of the United States Citizenship and Immigration Services ("USCIS") with offices at 2707 Martin Luther King Jr. Ave, SE, Washington DC 20528-0485.

9. Defendant, Merrick Garland, is the Attorney General of the United States. He has an office at the Robert F. Kennedy Department of Justice Building, 950 Pennsylvania Ave NW, Washington DC 20044.

Facts

10. Plaintiff, Delmy Lorena Alarcon Salazar ("Delmy"), was born in Guatemala in 1997.

11. In 2013, when Delmy was only 16 years old, her parents abandoned her and stopped providing food and shelter for her after discovering that she had a boyfriend.

12. This left Delmy desperate and exposed her to roving street gangs that preyed on Guatemala's defenseless.

13. In December 2013, Delmy fled Guatemala and sought help from her older sister who lived in New York -Leydi Alarcon Salazar ("Leydi") – who helped Delmy get settled and provided her with her needs.

14. In May 2016, Leydi petitioned the Westchester County Family Court ("the Family Court") for legal guardianship of Delmy and also requested an Order of Special Findings which would assist Delmy in obtaining SIJ status.

15. On December 15, 2016, the Family Court granted Guardianship of Delmy to Leydi and issued an Order of Special Findings ("the SIJ Order"). (Exhibit A)

16. Specifically, the SIJ Order referenced the guardianship by stating that Delmy had been "...*placed in the custody of .... an individual ... appointed by the state or Family Court*,"-as required under the INA.

17. On February 23, 2017, Delmy filed an I-360 application with USCIS seeking SIJS. Attached to her application, was a copy of the SIJ Order. USCIS received the I-360 application before Delmy's 21st birthday.

18. In a decision dated October 9, 2018, USCIS denied Delmy's I-360 application, stating that Delmy had not provided evidence that "the state court had jurisdiction under state law to make a legal conclusion about ...custody."

19. Soon it became apparent that USCIS had decided to make this a nationwide issue which was settled only after a class action was commenced: *R.F.M.* v. *Nielsen class*, 365 F. Supp. 3d at 377-80 (S.D.N.Y. 2019) ("*R.F.M*")

20. The settlement that was eventually reached in *R.F.M* compelled USCIS to recognize what attorneys understood to be obvious: state family courts have jurisdiction to determine custody of minors.

21. Since Delmy was a class member under *R.F.M*, USCIS was compelled to reopen and reconsider Delmy's I-360 application.

22. However, on June 1, 2020, USCIS *again* denied Delmy's I-360 application.

23. In its denial, USCIS reasons stated: Delmy had "not demonstrated that the Family Court made a qualifying juvenile dependency declaration or child custody placement".

24. On August 31, 2020, Delmy filed an appeal with USCIS Administrative Appeals Office ("AAO") in which she reminded USCIS of the patently obvious: that the Family Court had already found Delmy to be dependent and had placed her in custody of an individual appointed by the court.

25. Delmy also included with her appeal, an Order Appointing Guardian of the Person ("Guardianship Order") which the Family Court issued on July 30, 2020 at counsel's special request in order to confirm that the guardianship had been

granted on December 2016.

26. The Guardianship Order referenced December 16, 2020 hearing and stated:*"....that Leydi Yojana Alarcon Salazar is in all respects competent to act as such guardian and to raise the subject of the proceeding to adulthood"*. (Exhibit B)

27. On February 19, 2022, the AAO dismissed the appeal. The AAO stated: "though the guardianship order indicates it relates to a term held in December 2016, the order was issued and signed by a Family Court judge in July 2020, subsequent to the filing of her SIJ petition in February 2017."

28. As stated above, Congress designed the SIJS program as special relief for our most vulnerable individuals - *children*.

29. Contemplating USCIS' conduct and treatment of Delmy's petition from beginning to end and throughout, one can only conclude it has been *beyond* arbitrary and capricious, but in the realm of spiteful and callous.

30. Firstly, by USCIS taking an untenable position that state family courts had no jurisdiction as in *RFM* (Ibid.).

31. Then again, by USCIS requesting additional proof of guardianship beyond the SIJ Order.

## Claims

32. Plaintiff repeats and incorporate by reference each and every allegation contained in the preceding paragraphs numbered 1 through 30 as if fully set forth herein.

33. The APA prohibits federal action that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. section 706(2)(C), that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. section 706(2)(A), and that is taken "without observance of procedure required by law". 5 U.S.C. section 706(2)(D).

## First Claim

34. The facts alleged in paragraphs 1 through 16 are realleged herein. 5 U.S.C. section 706(2)(C) prohibits federal action that is "in excess of statutory jurisdiction, authority, or limitation, or short of statutory right". This statutory language was violated inasmuch as Defendants acted in excess of their statutory jurisdiction, authority, and limitation, and short of statutory right, in denying Delmy's I-360 petition. Namely, the limiting language in INA 101(a)(27)(J)(iii)(II), 8 U.S.C. sec. 1101(a)(27)(J)(iii)(II) does not, and cannot, restrict the rights of a United States citizen, and the Defendants' policies and regulations authorizing it to do so are unlawful and unconstitutional. Additionally, if there are any

regulations purporting to authorize such an interpretation of the statute, it is plainly beyond the authority of the Defendants to enact such a regulation.

## Second Claim

35. The facts alleged in paragraphs 1 through 30 are realleged herein. 5 U.S.C. section 706(2)(A) prohibits agency action that is "arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law". This statutory language was violated inasmuch as Defendants behaved in an arbitrary and capricious manner, and in a manner constituting an abuse of discretion, and not otherwise in accordance with law, in that the limiting language in INA 101(a)(27)(J)(iii)(II), 8 U.S.C. sec. 1101(a)(27)(J)(iii)(II) does not, and cannot, restrict the rights of a United States citizen, and the Defendants' policies and regulations authorizing it to do so are unlawful and unconstitutional. Additionally, if there are any regulations purporting to authorize such an interpretation of the statute, it is plainly beyond the authority of the Defendants to enact such a regulation.

## Third Claim

36. The facts alleged in paragraphs 1 through 30 are realleged herein. 5 U.S.C. section 706(2)(D) prohibits agency action that is taken "without observance of procedure required by law". This statutory language was violated inasmuch as the limiting language in INA 101(a)(27)(J)(iii)(II), 8 U.S.C. sec. 1101(a)(27)(J)(iii)(II) does not, and cannot, restrict the rights of a United States citizen, and the Defendants' policies and regulations authorizing it to do so are

unlawful and unconstitutional. Additionally, if there are any regulations purporting to authorize such an interpretation of the statute, it is plainly beyond the authority of the Defendants to enact such a regulation.

### Fourth Claim

37. The facts alleged in paragraphs 1 through 30 are realleged herein.

38. The Due Process clause of the Fifth Amendment to the United States Constitution prohibits agency action that is contrary to law or unconstitutional. This constitutional mandate was violated inasmuch as the limiting language in INA 101(a)(27)(J)(iii)(II), 8 U.S.C. sec. 1101(a)(27)(J)(iii)(II) does not, and cannot, restrict the rights of a United States citizen, and the Defendants' policies and regulations authorizing it to do so are unlawful and unconstitutional. Additionally, if there are any regulations purporting to authorize such an interpretation of the statute, it is plainly beyond the authority of the Defendants to enact such a regulation.

### Prayer for relief

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Assume jurisdiction and venue over this matter;
2. Declare that:

   a.   The Defendants (i) acted or refused to act " in excess of statutory jurisdiction, authority, or limitations, or short of statutory right"; (ii) acted in a manner

that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; (iii) committed acts or failed to act "without observance of procedure required by law"; and (iv) otherwise in violation of law; and (v) are in violation of due process of law; and (vi) are in violation of the 14th Amendment to the United States Constitution.

b.  Issue an order compelling Defendants to approve plaintiff's I-360 petition.

c.  Award attorney's fees pursuant to 28 U.S.C. section 2412; and

d.  Grant such further relief as the Court deems just, equitable, and appropriate.

                                              Respectfully submitted,

Dated: August 1, 2025                 /s/ Lorne J Kelman,
Lorne J Kelman, Esq.
Attorney for plaintiff
70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
(516) 887-0730
LJK 8601